UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: ANGELA DELORIS WARREN**,<br><br>Debtor. | Case No.: 15-cv-03655-YGR<br><br>**ORDER AFFIRMING BANKRUPTCY COURT** |

        Appellant 5810-5816-5818 Mission Street Homeowners' Association ("Claimant") appeals orders of the bankruptcy court sustaining the objection of Appellee Angela Deloris Warren ("Debtor") to the secured amount of Claim No. 11 and the bankruptcy court's denial of Claimant's motion for relief therefrom.  The bankruptcy court sustained Debtor's objection to Claim No. 11, holding that Claimant was entitled to an allowed secured claim only for amounts stated in its notice of lien assessment, plus related interests, costs, and charges allowed by California Civil Code section 5650(b).  (AR[1] 149-151.)  Claimant then filed a motion for relief from that order (AR 97-122), which the bankruptcy court denied after briefing and a hearing on the matter (AR 147).  Claimant timely filed a notice of appeal of the decision of the bankruptcy court below.  (AR 153.)  The Court has jurisdiction over this appeal of a final order of the bankruptcy court.  28 U.S.C. § 158(a)(1).

        Having carefully considered the papers submitted and the record in this case, the Court **AFFIRMS** the judgment of the bankruptcy court.

---

[1] AR refers to the appellate record filed by Claimant at Docket Numbers 11 and 11-1.  Claimant cites to the record therein by referencing the page numbers assigned in the lower right hand corner.  The Court adopts this citation protocol for the sake of consistency and clarity.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Claimant is a nonprofit homeowners' association organized, *inter alia*, to levy assessments on its members sufficient to cover the cost of operating and managing a common interest development in San Francisco. (AR 35.) In September 2006, Debtor acquired a separate interest in 5810-5816-5818 Mission Street Homeowners' Association (the "Property"), and became subject to the regular monthly assessments levied by Claimant pursuant to its governing documents and the Davis-Stirling Common Interest Development Act, California Civil Code sections 4000-61500. (AR 36.)

Debtor failed to pay assessments levied by Claimant between December 2007 and June 2008. (*Id*.) On June 6, 2008 the board of directors for Claimant voted to record an assessment lien against the Property for delinquent assessments and related costs. (*Id*.) Claimant then served Debtor on June 24, 2008 with a notice of its intent to record a lien against the Property for the unpaid assessments and related costs. (AR 42-52.) More than thirty (30) days later on September 12, 2008 Claimant recorded a notice of assessment lien (the "2008 Lien") against the Property in the official records of the City and County of San Francisco. (AR 58.) On September 19, 2008, Claimant sent Debtor a copy of the 2008 Lien by certified mail. (AR 54-55.)

The 2008 Lien included a charge on the Property for delinquent dues and assessments through September 5, 2008, totaling $5,865.20 in regular assessments and related costs, interest, and fees. (AR 54.) The 2008 Lien additionally purported to constitute a prospective charge for:

> any and all other assessments, collection costs, interest, attorneys' fees and other expenses as may become due to [Claimant] with respect to the Property subsequent to the typed dates set forth above until all amounts due to [Claimant] with respect to the Property are paid in full.

(*Id*.) The 2008 Lien is the only lien at issue; it is undisputed that Claimant did not file future liens against the Property for Debtor's unpaid assessments that came due after the 2008 Lien was filed.

On August 22, 2014, Debtor filed for Chapter 13 relief under the Bankruptcy Code. On October 26, 2014, Debtor voluntarily converted her bankruptcy to be under Chapter 7. Claimant timely filed a secured claim, Claim No. 11, for unpaid assessments due between December 2007

2

1  and August 2014.  (AR 5-8.)  Claim No. 11 sought a secured claim in the principal amount of
2  $31,406.00 for unpaid dues, plus related costs, interest, and fees, for a total claim amount of
3  $88,796.00.  (*Id.*)  Debtor objected in part to Claim No. 11, arguing that it failed to support a
4  *secured* claim for amounts that came due after recording of the 2008 Lien.  (AR 1-3.)  Debtor
5  argued that assessments for the period after the 2008 Lien was filed were unsecured by the same
6  and were therefore not allowed as a secured claim.  (*Id.*)  More specifically, Debtor argued that an
7  assessment lien may only be used to secure delinquent assessments that came due prior to the
8  filing of the lien.  (*Id.*)  Because the 2008 Lien could not secure assessments that came due after it
9  was filed, in Debtor's view, those claims should be discharged.  (*Id.*)  Claimant opposed Debtor's
10 objection on the grounds that the 2008 Lien secured the entirety of Claim No. 11 as the 2008 Lien
11 included language related to prospective assessments.  (AR 10-11.)
12     The bankruptcy court, Judge Hannah Blumenstiel presiding, held a hearing on the matter at
13 which Debtor's objection to Claim No. 11 was sustained.  (AR 127-129.)  In its written order, the
14 bankruptcy court found that Claimant was entitled only to "an allowed secured claim equal to the
15 amount stated in the [2008 Lien], plus any interest, costs of collection (including reasonable
16 attorneys' fees), and late charges permitted by California Civil Code Section 5650(b)."  (AR 127.)
17 The bankruptcy court further held that the remainder of Claim No. 11 would be "unsecured."  (*Id.*)
18     Claimant filed a motion for reconsideration of the bankruptcy court's order sustaining
19 Debtor's objection under Federal Rule of Civil Procedure 60(b), claiming excusable neglect in its
20 earlier failure to find and cite California Civil Code section 5720(b) warranted relief.  (AR 97-
21 109.)  Claimant argued that Section 5720(b) supported its position that amounts coming due after
22 an assessment lien is filed may be secured thereby.  (*Id.*)  Judge Blumenstiel held a hearing on the
23 matter and found that counsel's earlier failure to make the Section 5720(b) argument was not
24 excusable neglect under Rule 60(b).  (AR 165.)  Reaching the merits of counsel's argument, Judge
25 Blumenstiel found Claimant's argument unavailing, holding that Section 5720(b) did not require a
26 different result.  (*Id.*)  The bankruptcy court denied Claimant's motion.  (AR 157.)
27     Claimant timely filed the instant appeal of the bankruptcy court's decision, presenting a
28 single issue for adjudication: whether the bankruptcy court erred as a matter of law in sustaining

Debtor's objection to Claim No. 11 that the 2008 Lien does not secure debts for unpaid assessments that came due after the 2008 Lien was filed. The appeal is now ripe for adjudication.

## II.   STANDARD OF REVIEW

The bankruptcy court's application of California law regulating assessment liens is a question of statutory construction which the Court reviews *de novo*. *In re Moses*, 167 F.3d 470, 473 (9th Cir. 1999) (questions of State law statutory construction subject to *de novo* review)); *In re Friedman*, 220 B.R. 670, 671 (9th Cir. BAP 1998) (same). The Court thus stands in the same position as the bankruptcy court and conducts its own analysis irrespective of the decision below.

## III.   DISCUSSION

The Davis-Stirling Common Interest Development Act (the "Davis-Stirling Act") is a comprehensive statutory scheme governing residential common interest developments in California. Cal. Civ. Code §§ 4000, *et seq*.[2] With respect to assessments, the Davis-Stirling Act compels associations to levy them in an amount "sufficient to perform its obligations under the governing documents and [the Davis-Stirling Act]." *Id*. § 5600. Unpaid assessments become "delinquent 15 days after they become due" and thereafter the delinquent assessments and any "late charges, reasonable fees and costs of collection, reasonable attorney's fees, if any, and interest, if any" become "a debt of the owner of the separate interest at the time the assessment or other sums are levied." *Id*. § 5650(b), (a).

The Act requires that associations send owners a detailed notice no less than thirty (30) days before filing a lien to collect a past due assessment. *Id*. § 5660. The notice must be sent to the owner in writing via certified mail and must include: (a) a "description of the collection and lien enforcement procedures of the association," (b) a "statement of the charges owed by the owner, including items on the statement which indicate the amount of any delinquent assessments," (c) a "statement that the owner shall not be liable to pay…if it is determined the

---

[2] At the time the 2008 Lien was recorded, now-repealed provisions of the Civil Code governed residential common interest developments in California. *See* Cal. Civ. Code §§ 1366.4 to 1367.1 (repealed effective Jan. 1, 2014). Neither party argues that the prior Civil Code sections should apply in this case, nor do they raise any material differences between the repealed and current provisions of the Civil Code.

4

1  assessment was paid on time to the association," (d) a statement the owner has a "right to request a
2  meeting with the board," (e) a statement that the owner has the "right to dispute the assessment
3  debt by submitting a written request for dispute resolution to the association," and (f) a statement
4  that the owner has the "right to request alternative dispute resolution with a neutral third party…."
5  *Id*. Upon receiving the statutory notice an owner is entitled to request a meeting with the
6  association to discuss a payment plan. *Id*. § 5665. The owner is also entitled to request the
7  association participate in a dispute resolution program as provided in the notice. *Id*. § 5670.

   The association may only decide to record a lien for delinquent assessments by a "majority vote of the directors in an open meeting." *Id*. § 5673. The Davis-Stirling Act limits the lien to the amount specified in the notice, which must be recorded together with the lien:

> The *amount of the assessment*, plus any costs of collection, late charges, and interest *assessed in accordance with subdivision (b) of Section 5650*, shall be a lien on the owner's separate interest in the common interest development from and after the time the association causes to be recorded with the county recorder of the county in which the separate interest is located, *a notice of delinquent assessment, which shall state the amount of the assessment and other sums imposed in accordance with subdivision (b) of Section 5650*, a legal description of the owner's separate interest in the common interest development against which the assessment and other sums are levied, and the name of the record owner of the separate interest in the common interest development against which the lien is imposed.

*Id*. § 5675 (emphasis supplied); *In re Guajardo*, 2016 WL 943613, at *2 (Bankr. N.D.Cal. March 11, 2016) (finding amount of debt secured by lien limited to assessments itemized in notice).

   The Davis-Stirling Act reflects the legislature's intent to impose and rigorously enforce its procedural requirements to protect the interest of the homeowner. *See Diamond v. Superior Court*, 217 Cal.App.4th 1172, 1191 (2013) (the procedural notice requirements prescribed in the Davis-Stirling Act must be "strictly construed" such that "substantial compliance is insufficient"). Accordingly, the Court finds that the language of the 2008 Lien purporting to secure future assessments is not permissible under the Davis-Stirling Act. As the Bankruptcy Court for the Northern District of California recently held based on a similar "future assessments" clause in an assessment lien, the prospective assessments language in the 2008 Lien "is inconsistent with the

portions of the Davis-Stirling Act requiring the unpaid amounts to be specifically set forth in the notice and in the attached accounting." *In re Guajardo*, 2016 WL 943613 at *3. The Bankruptcy Court for the Southern District of California has likewise found that future unpaid dues cannot be secured by an earlier assessment lien in California:

> there is no basis for holding that subsequent unpaid dues which may or may not remain unpaid due to various contingencies should be encompassed by that initial lien. Those future unpaid dues are merely unmatured and contingent. The future dues are inchoate until the amount is made certain, the lienholder's identity is established and the property is identified. Although it is arguable that the last two requirements are met, the amounts were impossible to ascertain [when the assessment lien was filed] because they had not yet become due. Once they became due, [the association] should have filed liens for those certain amounts to perfect its interest.

*In re Henderson*, 155 B.R. 10, 12 (Bankr. S.D.Cal. 1993). So too here. Claimant should have filed additional liens to secure its interest in future unpaid assessments. To hold otherwise would offend the comprehensive notice scheme and homeowners' rights to contest delinquent assessments as established in the Davis-Stirling Act.

Claimant contends Section 5720(b) of the Davis-Stirling Act compels a different result. Specifically, Claimant contends Section 5720(b) contemplates the filing of only one lien that can secure later delinquent assessments. Section 5720 generally prevents the foreclosure of a lien for assessments less than $1,800. It allows associations to "attempt to collect or secure" a debt less than $1,800 in one of three ways, including by:

> recording a lien on the owner's separate interest upon which the association may not foreclose until the amount of the delinquent assessments secured by the lien…equals or exceeds one thousand eight hundred dollars ($1,800) or the assessments secured by the lien or more than 12 months delinquent.

Cal. Civ. Code. § 5720(b)(2). In Claimant's view, Section 5720(b)(2) explicitly contemplates that a lien may grow by accumulating a secured interest in the value of future unpaid assessments. The Court disagrees. Section 5720(b)(2) simply provides an association with the option to wait to record the lien until delinquent assessments exceed $1,800. Alternatively, the association may

record the lien and wait a year to foreclose thereon.[3]  Contrary to Claimant's assertion, Section 5720(b)(2) does not allow an association to bypass the notice and recording requirements in Sections 5660, 5670, and 6575 merely because the initial lien secures an amount below the $1,800 threshold to initiate foreclosure proceedings.

The Court therefore agrees with the bankruptcy court that the Davis-Stirling Act precludes the outcome urged by Claimant.  The 2008 Lien did not secure assessments that came due and remained unpaid subsequent to its recordation.

### IV.  CONCLUSION

For the foregoing reasons, the bankruptcy court's orders sustaining Debtor's objection to Claim No. 11 and denying Claimant's motion for relief therefrom are **AFFIRMED**.

This Order terminates this appeal.

**IT IS SO ORDERED.**

Dated:  April 13, 2016

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

---

[3] The Court's analysis with respect to Section 5720(b) is supported by a leading treatise on California real estate.  In describing an association's options when delinquent assessments are less than $1,800 under Section 5720(b), Miller and Starr does not suggest that an association may wait for additional delinquent assessments to become secured by a previously filed lien.  *See* 8 Cal. Real Est. § 28:98 (4th ed.).